IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EUGENE ATKINS, II,**

    Petitioner,

v.                                              Civil Action No. 2:14cv36
                                                (Judge Bailey)

**TERRY O'BRIEN, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On May 15, 2014, the *pro se* petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. §2241. Pursuant to a Notice of Deficient Pleading, petitioner filed his petition on a court-approved form and paid the $5.00 filing fee on May 27, 2014.

This matter is pending for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. Facts[1]

On April 10, 2006, after a five-day jury trial in the District Court for the Western District of Michigan, petitioner was found guilty of all five counts of a third superseding indictment: Count One, Distribution of Heroin Resulting in Serious Bodily Injury and Death,[2] in violation of Title 21, United States Code, Sections 84 1 (a)(l ) and 841(b)(l)(C); Count Two, Possession with Intent to Distribute Heroin, in violation of Title 21, United States Code, Sections 841(a)(l ) and 841(b)(l )(C); Count Three, Conspiracy to Possess with Intent to Distribute Heroin and to

---

[1] The undersigned obtained the pertinent facts from review of the petitioner's criminal case available on PACER. See 1:04cr299 (U.S. District Court - Western District of Michigan).

[2] Petitioner sold heroin to a 17-year-old named Matthew McKinney ("McKinney"), who subsequently died from an overdose after injecting the drug.

Distribute Heroin, in violation of Title 21, United States Code, Sections 846, 841(a)(l); Count Four, Distribution of Heroin to a Person Under 21 Years of Age, in violation of Title 21, United States Code, Sections 841(a)(l), 841(b)(1)(c) and 859; and Count Five, Distribution of Heroin to a Person Under 21 Years of Age, in violation of Title 21, United States Code, Sections 841(a)(l), 841(b)(l)(c) and 859.

On July 19, 2006 the petitioner was sentenced to life imprisonment on Count One and Three, and to 360 months' imprisonment on Counts Two, Four and Five, all to run concurrently, to be followed by twelve years supervised release on Counts Four and Five; eight years supervised release on Count Three; and six years supervised release on Counts One and Two. He was also ordered to pay $20,172.32 in restitution.

On the same day he was sentenced, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255. By Order entered August 1, 2006, petitioner's §2255 was rejected because it had not been filed by a practicing attorney.

Petitioner filed a notice of appeal on July 27, 2006. On appeal, petitioner asserted that that 21 U.S.C. §841(b)(1)(C) required proof of proximate cause and therefore the district court should have given a superseding cause instruction to the jury,[3] permitting it to find that another heroin addict's failure to seek medical attention for McKinney when he passed out relieved petitioner of criminal liability. Further, he asserted that the government could not apply §841(b)(1)(C) to all members of a heroin conspiracy without showing that an addict's death was reasonably foreseeable as to each member of the conspiracy; the Guidelines required proof that McKinney's death was foreseeable; and the court should have read a *mens rea* requirement into the statute, because strict liability crimes are disfavored. Finally, he argued that the evidence was insufficient to support his conviction. On August 12, 2008, the United States Court of

---

[3] The Sixth Circuit noted that petitioner had failed to ask the district court for a superseding cause instruction.

Appeals for the Sixth Circuit affirmed the petitioner's conviction and sentence by unpublished opinion. On October 2, 2008, petitioner's petition for rehearing was denied. Petitioner did not file for a writ of *certiorari* with the United States Supreme Court.

On September 29, 2009 the petitioner filed a Motion to Vacate under 28 U.S.C. §2255, asserting (1) ineffective assistance of counsel, both trial and appellate, for not challenging supplemental jury instructions; (2) actual innocence because the evidence contradicted the conclusion that he could have been the one who sold the drugs; (3) actual innocence because the alleged co-conspirator was not convicted; and (4) ineffective assistance of trial counsel based on several specific factors. On December 2, 2010, the petitioner's §2255 motion was denied. Again, the petitioner appealed. The Sixth Circuit denied his request for a certificate of appealability and dismissed his appeal.

On August 14, 2014, petitioner filed an application under 28 U.S.C. §2244 for permission to file a second or successive habeas petition with the Sixth Circuit Court of Appeals. It was denied on March 19, 2015.

On February 9, 2015, the petitioner filed a *pro se* motion for modification or reduction of his sentence pursuant to 18 U.S.C. 3582(c)(2). It was denied on April 15, 2015.

### III. Issue Presented

In his instant §2241 motion, the petitioner alleges that he is actually innocent of the charge of Distribution of Heroin Resulting in Serious Bodily Injury and Death and of the life sentence penalty enhancement under 21 U.S.C. §841(b)(1)(C) for the same. He argues that the United States Supreme Court's decision in Burrage v. United States[4] constitutes an intervening change in substantive law that applies to his case; that §841(b)(1)(C) requires proof of proximate

---

[4] Burrage v. United States, 134 S.Ct. 881 (2014).

cause; and the district court should have given a superseding cause instruction to the jury, but declined to do so. Further, he argues that his claims of actual innocence are supported by In Re Jones,[5] permitting him to challenge his conviction and/or sentence in a §2241 petition if he can establish that §2255 presents an "inadequate or ineffective" remedy.

As relief, he seeks "an order from this Court that grants the writ and overturns his convictions on Count One and Three."

## IV. Analysis

Title 28, United States Code, §§2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004); see In re Jones, 226 F.3d at 332-33. Conversely, §2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a §2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his convictions and sentence rather than the means of execution and seeks an order, in effect, vacating his convictions. Accordingly, it is the type of challenge that ordinarily must be brought under §2255 and not §2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of §2241, but only when §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the

---
[5] In re Jones, 226 F.3d 328 (4th Cir. 2000).

prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, at 1194.

Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Therefore, the remedy provided under §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under §2241. Based on the language in Jones, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

Here, petitioner alleges that he is actually innocent of at least one of the crimes for which he was convicted.[6] However, in order to raise a claim of actual innocence under §2241, the petitioner must first establish that he is entitled to review under §2241 by meeting the Jones requirements.[7] This the petitioner has not, and cannot, do. Even if the petitioner satisfied the first and the third elements of Jones, the crimes for which the petitioner was convicted, Distribution

---

[6] Petitioner only alleges actual innocence of Count One, but seeks to have the convictions in Counts One and Three vacated.

[7] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of §2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ("A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

of Heroin Resulting in Serious Bodily Injury and Death, and Conspiracy to Possess with Intent to Distribute Heroin and to Distribute Heroin, all in violation of Title 21, United States Code, §§84l(a)(l ), 841(b)(l)(C), and 846 remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Moreover, to the extent the petitioner is challenging his sentence enhancement under §841(b)(1)(C), such a challenge is not cognizable in a §2241 action.[8] Therefore, because the petitioner clearly attacks the validity of his convictions, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy and has improperly filed a §2241 petition.

Furthermore, the petitioner's attempt to invoke the holding in Burrage v. United States, 134 S.Ct. 881 (2014) is misplaced. In Burrage, the defendant sold heroin to another person, who used it, along with other drugs, and died the next day. After expert witnesses testified that it was impossible to determine if the decedent died from the heroin use alone, the district court instructed the jury that it could find defendant guilty of violating 21 U.S.C. §841(b)(1)(C) if it found that the heroin the defendant distributed was a contributing cause of the decedent's death. The Burrage court held that where use of a drug distributed by a defendant is not an independently sufficient cause of a victim's death or serious bodily injury, the defendant could not be liable for the §841(b)(1)(C) penalty enhancement unless such use was a "but-for" cause of

---

[8] Even if petitioner were entitled to proceed under §2241, his claim of actual innocence relating to an enhancement would not be cognizable. An "actual innocence" argument concerning an enhancement does not entitle a petitioner to relief under §2241, as it "is not the type of argument that courts have recognized may warrant review under §2241." Davis v. United States, 2006 U.S. Dist. LEXIS 2989 at *6 (D.S.C. Jan. 12, 2006); see also Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) ("Kinder's argument that he is actually innocent of being a career offender . . . is not the type of argument that courts have recognized may warrant review under §2241.); Anderson v. Pettiford, 2007 U.S. Dist. LEXIS 39806 (D.S.C. May 31, 2007). Similarly, the §2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender); see also Cooper v. Warden FCI Williamsburg, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1, 2010) ("Petitioner's action seeking a determination that he is actually innocent of a[n] [ACCA] sentence enhancement fails to state a cognizable §2241 claim.").

the death or injury. Because the Controlled Substances Act did not define the phrase "results from," the court gave the phrase its ordinary meaning, i.e., that a thing "results" when it arises as an effect, issue, or outcome from some action, process, or design. In ordinary usage, that required proof that in the absence of, i.e., "but for" a defendant's conduct, the harm would not have occurred. This is an entirely different fact scenario than in petitioner's case, where McKinney, a 17-year-old, injected the drug and almost immediately passed out, dying several hours later. The 6th Circuit's opinion on appeal noted that "[a] toxicologist tested McKinney's body and determined that . . . [he] died from a heroin overdose." Accordingly, nothing in Burrage allows the petitioner attack his conviction through successive §2244 or §2255 motions, let alone via a §2241 motion.

Finally, it is apparent from the record that petitioner is again attempting to re-raise claims already raised and rejected, not only on appeal, but also in his §2255 motion. Even if his petition otherwise had merit, the court is barred from considering them. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).

## V. Recommendation

Based on the foregoing reasoning, the undersigned recommends that this matter be **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation**, or by August 31, 2015**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the District Judge. **Failure to file timely objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28

7

U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 17, 2015

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE