# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**EUGENE ATKINS, II,**

    Petitioner,

**v.**                                                          **CIVIL ACTION NO. 2:14-CV-36**
                                                                             **(BAILEY)**

**TERRY O'BRIEN, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction:

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert [Doc. 7]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of an R&R, which was filed on August 17, 2015. The R&R recommends this Court dismiss, with prejudice, the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("2241 Motion") [Doc. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to timely file objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see* **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91,

94 (4th Cir. 1984). Here, objections to the R & R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on August 20, 2015 [Doc. 8]. Petitioner Eugene Atkins, II ("petitioner") filed a timely Motion for Extension of Time to File Objections to the R&R on August 27, 2015 [Doc. 9], which this Court granted on September 1, 2015 [Doc. 10]. Three days later, on September 4, 2015, Petitioner filed timely objections to Magistrate Judge Seibert's R&R [Doc. 11]. Accordingly, this Court will make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The remaining portions will be reviewed for clear error.

## II. Factual and Procedural Background:

On December 14, 2004, while living in Grand Rapids, Michigan, petitioner distributed heroin to a seventeen year old drug addict named Matthew McKinney. *See* ***United States v. Atkins***, 289 Fed.Appx. 872, 873-874 (6th Cir. 2008). McKinney was found dead the next morning after injecting the heroin supplied by petitioner. *Id.* at 875. Petitioner was indicted for the crime by a grand jury in the Western District of Michigan on December 18, 2014. [W. D. Mich., 1:04-cr-299, Doc. 1]. While petitioner initially pled guilty to one count of distributing heroin that resulted in death from the use of heroin, [W. D. Mich., 1:04-cr-299, Doc. 59], he withdrew that plea and the case went to trial [W. D. Mich., 1:04-cr-299, Doc. 61]. On April 10, 2006, after a ten (10) day trial, petitioner was found guilty of five drug related offenses: (1) Distribution of Heroin Resulting in Serious Bodily Injury and Death; (2) Possession with Intent to Distribute Heroin; (3) Conspiracy to Possess with Intent to Distribute Heroin; (4) Distribution of Heroin to a Person Under Twenty-One (21) Years of Age; and (5) Distribution of Heroin to a Person Under Twenty-One (21) Years of Age. On

July 19, 2006, petitioner was sentenced to life in prison on Counts One and Three and three-hundred sixty (360) months' imprisonment on Counts Two, Four and Five. *Id.* at 3. He then elected to appeal his conviction and sentence, and filed a Notice of Appeal on July 27, 2006. [W. D. Mich., 1:04-cr-299, Doc. 122].

In his appeal, petitioner made four arguments, all of which were rejected by the Sixth Circuit. **Atkins**, 289 Fed.Appx. at 875-876. Of note, petitioner contended that the statute under which he was convicted, 21 U.S.C. § 841(b)(1)(C) required proof of proximate cause, and therefore necessitated a superceding cause instruction to the jury. *Id.* Specifically, he argued that the Western District of Michigan should have instructed the jury that "another heroin addict's failure to seek medical attention," was a superceding cause that cut off his criminal liability; however, as the Sixth Circuit noted, petitioner failed to ask the district court for such an instruction. *Id.* The Sixth Circuit rejected his argument because petitioner could not meet the plain error standard. *Id.* at 876-877. Petitioner also argued that the Government could not apply 21 U.S.C. § 841(b)(1)(C) to all members of a heroin conspiracy without showing that the addict's death was reasonably foreseeable to all members, which the Sixth Circuit rejected. *Id.* at 877. He also made a final, fleeting argument that the evidence was insufficient to support his conviction, which was also rejected. *Id.* at 877-878. The Sixth Circuit then affirmed his conviction. *Id.* at 879.

On September 29, 2009, petitioner filed a habeas corpus Motion to Vacate under 28 U.S.C. § 2255, asserting: (1) ineffective assistance of counsel, both trial and appellate, for not challenging supplemental jury instructions; (2) actual innocence because the evidence contradicts the conclusion that he could have been the one who sold the drugs;

3

and (3) actual innocence because the alleged co-conspirator was not convicted. *Atkins v. United States*, 2010 WL 4977039 at *1 (W.D. Mich. Dec. 2, 2010). The Western District of Michigan denied petitioner's § 2255 motion on December 2, 2010, finding that: (1) petitioner's trial and appellate counsel were not ineffective for not challenging the supplemental jury instructions; (2) that evidence from cell phone towers does not actually prove that he was innocent; (3) that petitioner is not actually innocent based on the government's failure to charge or convict his alleged co-conspirator; and (4) that his trial counsel was not ineffective. *Id.* at 2-9. The Western District of Michigan also denied petitioner a certificate of appealability. *Id.* at 10.

Then, on August 14, 2014, petitioner filed an application under 28 U.S.C. § 2244 for permission to file a second or successive habeas petition with the Sixth Circuit Court of Appeals, which was denied on March 19, 2015 [W. D. Mich., 1:04-cr-299, Doc. 157]. In denying that petition, the Sixth Circuit noted:

> ". . . Atkins would rely on *Burrage v. United States*, 134 S. Ct. 881, 892 (2014), which held that in order to be convicted of distributing heroin resulting in death, the heroin must be shown to be a but-for cause of the death. Because this claim was not raised in his original motion, it must be shown to be based on newly discovered evidence of innocence or a new rule of constitutional law made retroactive by the Supreme Court. *See* 28 U.S.C. § 2255(h); *In re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014). This motion does not satisfy these criteria, as it relies on no new evidence and *Burrage*, a case involving statutory interpretation, did not establish a new rule of constitutional law that the Supreme Court has made retroactive."

[Id.]. On February 9, 2015, petitioner filed a motion for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which was denied on April 15, 2015 [W. D. Mich., 1:04-cr-299, Doc. 158].

Petitioner filed the instant § 2241 Motion on May 15, 2014 [Doc. 1]. In that Motion, petitioner contends that he is actually innocent of the charge of Distribution of Heroin Resulting in Serious Bodily Injury and Death and of the life sentence penalty enhancement under 21 U.S.C. § 841(b)(1)(C) [Doc. 1]. He also contends that the United States Supreme Court's decision in **Burrage v. United States**, 134 S. Ct. 881 (2014), constitutes a change in intervening law that applies to his case [Id.]. Petitioner also contends that § 841(b)(1)(C) requires proof of proximate cause, and that the district court should have given a superseding cause instruction to the jury, but declined to do so [Id.]. He also argues that, pursuant to **In re Jones**, 226 F.3d 328 (4th Cir. 2000), that he can challenge whether he is actually innocent in the instant § 2241 motion, if he can establish that § 2255 presents an "inadequate or ineffective" remedy [Id.].

### III. <u>Applicable Law</u>:

Additionally, the law is clearly developed that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. **In re Vial**, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in **Jones**, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to

5

be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of

§ 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000). Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in *Jones*, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

A § 2241 petition is used to attack the manner in which a sentence is executed. A § 2241 petition which challenges a federal conviction and sentence is properly construed as a § 2255 petition. The only exception to this is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime. The savings clause of § 2255, however, is "confined to instances of actual innocence of the underlying offense of conviction," not "innocence" of a sentencing factor. *Darden v. Stephens*, 426 Fed.Appx. 173, 174 (4th Cir. 2011)(refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

### IV. Analysis:

In his Objections to the R&R, petitioner contends that he can attack his sentence through the instant § 2241 motion, because "intervening court decisions have effected a material change in the law establishing a legal basis for his actual innocence claim that was previously unavailable" when he filed his direct appeal and first § 2255 [Doc. 11 at 3]. He

6

contends that the Supreme Court's holding in *Burrage* represents a "new interpretation of statutory construction . . . which opens the avenue for an 'actual innocence' claim" [Doc. 11 at 2]. This Court declines to determine whether petitioner's § 2241 petition is procedurally deficient, as his arguments fail on the merits.

Petitioner contends in his filings that *Burrage* renders his conviction ineffective because the heroin that he distributed was not "an independently sufficient cause of [McKinney's] death" [Id. at 13]. He argues that another addict, Matthew Perrin, who was with McKinney during the night that he died, should have more carefully attended to McKinney after he injected heroin supplied by petitioner [Id. at 14-16]. He further claims that if not for Perrin's purported "gross negligence, McKinney would not have died" [Id. at 15]. However, petitioner's reliance on *Burrage* in making that argument is fundamentally misplaced.

First, it is necessary for this Court to clarify the holding of *Burrage*. In that case, defendant Burrage sold heroin to a long-time drug user who subsequently injected that heroin in the midst of an extended drug binge. 134 S. Ct. at 887. Importantly, the addict in that case smoked marijuana, injected cooked oxycodone and heroin, and also had more heroin and oxycodone, alprazolam, clonazepam, and other drugs in his possession. *Id.* at 885. At trial, the defendant's expert witness testified that he could not determine whether the addict would have lived had he not taken the heroin supplied by Burrage. *Id.* at 885-886. After Burrage was tried and convicted of distributing a drug resulting in death or serious bodily injury, pursuant to 21 U.S.C. § 841(b)(1)(C), the Supreme Court interpreted the "death results" enhancement as set forth in that statute to determine if it was properly

applied in his case.  *Id.* at 885.  The Supreme Court held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury."  *Id.* at 891.  The Court also ruled that "[b]ecause the 'death results' enhancement increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt."  134 S. Ct. at 887.  This follows the line of cases such as **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Alleyne v. United States**, 133 S. Ct. 2151 (2013), which hold that facts which produce enhancements to minimum and maximum sentences must be submitted to a jury and found beyond a reasonable doubt.

Simply put, the **Burrage** Court contemplated an entirely different factual and causal scenario than the one present in petitioner's case.  Under **Burrage**, the Government must meet a "but for" causation test, meaning that "but for" the drug which a defendant distributed, the overdose victim would not have died or suffered bodily harm. 134 S. Ct. at 888-892; *see also* **United States v. Grady**, 2015 WL 4773236 at 3 (W.D. Va., August 12, 2015).  On the night that he died, McKinney did not take a cocktail of drugs, akin to the addict in Burrage's case.  Instead, the evidence indicates he only injected heroin supplied by the petitioner. *See* **Atkins**, 289 Fed.Appx. at 873-874   Such a factual scenario clearly meets the "but for" causation test set forth by the Court in **Burrage**, as McKinney would not have died *but for* heroin supplied by petitioner.

As an additional matter, similar to **Alleyne**, however, even if **Burrage** announced

8

a new rule of constitutional law that applied to petitioner's case, the decision has not been applied retroactively to cases on collateral review, and this Court is not inclined to do so. See **Ramseur v. United States**, 2014 WL 4854642 (W.D. N.C. Sept. 29, 2014); see also **Alvarez v. Hastings**, 2014 WL 4385703 (S.D. Ga. Sept. 5, 2014); **De La Cruz v. Quintana**, No. 14–28–KKC, 2014 WL 1883707, at *6 (E.D.Ky. May 1, 2014) (unable to find any authority making **Burrage** retroactively applicable); **Taylor v. Cross**., No. 14–cv–304, 2014 WL 1256371, at *3 (S.D.Ill. Mar. 26, 2014) (**Burrage** has not been found to apply retroactively); and **In re: Carlos Alvarez**, No. 14–10661–D (Mar. 26, 2014) (declining to extend **Burrage** because the Supreme Court "did not expressly hold that **Burrage** is retroactive[ly applicable to cases] on collateral review."). As such, given that petitioner's entire § 2241 argument is premised upon **Burrage** being applied retroactively, he does not have an available remedy in this Court. Accordingly, the undersigned concludes that the petitioner's **Burrage** argument fails to state a cognizable § 2241 claim.

## V. Conclusion:

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 7]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's **Objections [Doc. 11]** are hereby **OVERRULED**. This Court **ORDERS** that the plaintiff's Petition for Writ of Habeas Corpus **[Doc. 1]** be **DENIED AND DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court and enter judgment in this matter in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby

9

**DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** November 30, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE